FILED

2015 JUN -8 AM 11:08

CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA OCALA, FLORIDA

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

# § 2241 HABEAS CORPUS PETITION FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241 OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

Richard Alan King,
Inmate/Alien # 97546-131.
United States Penitentiary
Coleman I P.O. Box 1033
Coleman, Florida 33521.

(Enter full name of Petitioner, prison number or alien [A] number, if applicable, AND address of place of confinement.)

vs.

CASE NO: 5:15-cv-280-Oc-10PRL
(To be assigned by Clerk)

Tamyra Jarvis, Warden,
United States Penitentiary,
Coleman I P.O. Box 1033,
Coleman Florida, 33521-1033,

(Enter name and title of each Respondent. If additional space is required, use the blank area below and directly to the right.)

ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM

OCA - 5941 - 5.00

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective: Judgment and Commitment order under which petitioner confined is null and void. Petitioner was not charged with or convicted of those crimes.

5. Are you currently represented by counsel in this case or in any other court case?

Yes ☐ No ☒

If yes, please explain:

6. If this case concerns removal proceedings:

(a) Date of final order of removal: N/A

(b) Did you file an appeal with the Board of Immigration Appeals? Yes ☐ No ☐

7. In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a). Ground one: Petitioner is unlawfully incarcerated. The trial court lacked subject-matter jurisdiction over the six crimes set out under "(nature of offenses)" in the judgment and commitment order dated December 11, 2009.

Supporting FACTS (state *briefly* without citing cases or law): 1. The Judgment and commitment order say's "(in error)" that petitioner was found guilty of: Conspiracy to possess eith the intent to distribute Five kilograms or more of cocaineas charged in count 1. Possession with intent to distribute five kilograms or more of Cocaine as charged in Count 2. Possession with intent to distribute Five →

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

N/A

ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

   (a). ☒ a conviction
   (b). ☐ a sentence
   (c). ☐ prison disciplinary action or other action resulting in lost gain time credits
   (d). ☐ parole
   (e). ☐ immigration/removal
   (f). ☒ other (explain): Judgment and Commitment Order Null & Void

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

   (a). Name(s) and location(s) of court: United States District Court For The District of Arizona

   (b). Case Number(s): 2:08-cr-0045-PHX-SRB

   (c). Charge(s) for which you were convicted: Violation of 21 U.S.C. §§ 845 and 841 (a)(1) and 841 (b)(1)(A)(ii) (Conspiracy to Possess With the Intent to Distribute Cocaine, a Controlled Substance) Count I and Counts 2-5 violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(A)(ii) Possession with Intent To Distribute Cocaine: and 18 U.S.C. 1956 (a)(1)

   (d). What was your plea? (Check one)
   (1) Not Guilty ☒
   (2) Guilty ☐
   (3) Nolo contendere ☐

   (e). Did you appeal from the judgment of conviction? Yes ☒ No ☐

3. If you did appeal, answer the following:

   (a) Name of Court: U.S. Court of Appeals (9th Cir. Case #: 10-10005

   (b) Result: Affirmed (Memorandum order non published)

   (c) Date of opinion and mandate (citation, if known): June 4, 2014

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

   (a) Have you filed a motion under 28 U.S.C. § 2255?
   Yes ☐ No ☒
   If yes, please provide the case #, where filed, relevant date(s), and the results:

Kilograms or more of Cocaine as charged in Count 3. Possession with the intent to distribute Five kilograms or more of cocaine as charged in count 4. Possession with intent to distribute Five kilograms or more of cocaine as charged in count 5. Conspiracy to commit moneylaundering Count 6. See Exhibit "A" the judgment and commitment order of December 11, 2009.

2. Petitioner submits that his opposition to the Judgment and commitment order...." is that Counts one through five of his indictment fail to charge those crimes or anyother federal crimes...".

3. Counts one through five of petitioners indictment erroneously charge in relevant part that petitioner:

a. Did knowingly and intentionally conspire, to knowingly and intentionally possess with intent to distribute (5) kilograms or more "....of a mixture or substance...." Count one.

b. Did knowingly and intentionally possess with intent to distribute (5) kilograms or more "....of a mixture or substance....". Counts two through five. See Exhibit "B" the indictment.

4. Title 21 U.S.C. section §§ 846 states in relevant part:

a. Any person who conspires to commit any offense... "...defined in this subchapter..." See 21 U.S.C, §§ 846.

b. Title 21 U.S.C. §§ 841 (a)(1) provides in relevant part:
"It shall be unlawful for any person to..." knowingly or intentionally...to distribute or possess with intent to distribute...A controlled substance...". See 21 U.S.C §§ 841 (a)(1).

5. Accordingly, the clear statutory language of both title 21 U.S.C. sections §§ 841 (a)(1) and 846 limits their application

and effect toward the commission of an offense. "... Defined in title 21 Chapter 13, Subchapter 1...".

6. Because "...A mixture or substance is not defined in §§ 841 (a)(1) or in §§ 846 of the statutes."petitioner was charged with and convicted of six (6) invalid crimes.

7. Because count six (6) of the indictment relys upon counts one (1) throughfive (5) it must be dismissed as well.

8. Accordingly, because the indictment fail to charge an offense this court should find the Judgment and Commitment order to be null and void.

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals? Yes ☐ No ☒
If yes, please provide the results of the proceeding(s) and the relevant date(s). ______

______

(b). Ground two: N/A

______

Supporting FACTS (state *briefly* without citing cases or law): N/A

______

Exhaustion: N/A

[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes ☐ No ☒
If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

______

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground two to the Board of Immigration Appeals? Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s). ______

______

(c). Ground three: N/A

______

Supporting FACTS (state *briefly* without citing cases or law): N/A

Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:
N/A

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals? Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s).

(d). Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

Exhaustion:
[1] - Have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s). Include any appeals:

N/A

(2)-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals? Yes ☐ No ☒

If yes, please provide the results of the proceeding(s) and the relevant date(s). ______

8. WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the following relief: Immediate release from prison, and if summary relief is not granted to set the matter for an evidentiary hearing upon due notice, or any other relief to which Petitioner may be entitled.

**DECLARATION**

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

MAY 29 2015
(Date)

[signature]
Signature of Petitioner

**IF MAILED BY PRISONER:**

I declare or state under penalty of perjury that this petition was (check one):

☐ delivered to prison officials for mailing, or ☒ deposited in the prison's internal mail system on: ______ (date).

[signature]
Signature of Petitioner

Rev. 12/05 ecb

Exhibit -A-

***UNITED STATES DISTRICT COURT***
**DISTRICT OF ARIZONA**

**United States of America**

**v.**

**Richard Alan King**

# JUDGMENT IN A CRIMINAL CASE

**(For Offenses Committed on or After November 1, 1987)**

**No. CR 08-00045-001-PHX-SRB**

**Attorney for Defendant**

USM#: 72111-053; 97546-131

**THERE WAS A** verdict of guilty on 6/17/09 as to Counts 1, 2, 3, 4, 5 and 6 of the Second Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 21, U.S.C. §841(a)(1) and (b)(1)(A)(ii) and 846, Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, a Class A Felony offense, as charged in **Count 1** of the Second Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(A)(ii), Possession with the Intent to Distribute Five Kilograms or More of Cocaine , a Class A Felony offense, as charged in **Count 2** of the Second Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(A)(ii), Possession with the Intent to Distribute Five Kilograms or More of Cocaine , a Class A Felony offense, as charged in **Count 3** of the Second Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(A)(ii), Possession with the Intent to Distribute Five Kilograms or More of Cocaine , a Class A Felony offense, as charged in **Count 4** of the Second Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(A)(ii), Possession with the Intent to Distribute Five Kilograms or More of Cocaine , a Class A Felony offense, as charged in **Count 5** of the Second Superseding Indictment; Title 18, U.S.C. §1956(a)(1)(A) and (h), Conspiracy to Commit Money Laundering, a Class C Felony offense, as charged in **Count 6** of the Second Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **LIFE**, which consists of **LIFE** on Count 1, **LIFE** on Count 2, **LIFE** on Count 3, **LIFE** on Count 4, **LIFE** on Count 5 and **TWO HUNDRED FORTY (240) MONTHS** on Count 6, said counts to run concurrently, with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS**, which consists of **FIVE (5) YEARS** on Count 1, **FIVE (5) YEARS** on Count 2, **FIVE (5) YEARS** on Count 3, **FIVE (5) YEARS** on Count 4, **FIVE (5) YEARS** on Count 5 and **THREE (3) YEARS** on Count 6, said counts to run concurrently.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $600.00**FINE:** $25,000.00 [Count 1]**RESTITUTION:** $0.00

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $600.00 [$100.00 for each count] shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 2, 3, 4, 5 and 6 of the Second Superseding Indictment. **The balance of criminal monetary penalties is due in equal monthly installments of $450.00 to commence 30 days after release from imprisonment to a term of supervised release.**

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **FIVE (5) YEARS**, which consists of **FIVE (5) YEARS** on Count 1, **FIVE (5) YEARS** on Count 2, **FIVE (5) YEARS** on Count 3, **FIVE (5) YEARS** on Count 4, **FIVE (5) YEARS** on Count 5 and **THREE (3) YEARS** on Count 6, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.
2. You shall provide the probation officer access to any requested financial information.

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons.
The defendant is remanded to the custody of the United States Marshal.

Date of Imposition of Sentence: **Thursday, December 10, 2009**

Susan R. Bolton
United States District Judge

DATE: December 11, 2009

**RETURN**

I have executed this Judgment as follows:______________________________________

Defendant delivered on ___________ to _______________________ at _________________________, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

________________________________________
United States Marshal

By:________________________________________
Deputy Marshal

EXHIBIT - B -

FILED LODGED
RECEIVED COPY
SEP 1 6 2008
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

1. William Wallace Keegan, a.k.a. Richard King, (Counts 1-6)

3. Iran Cota, (Counts 1-6)

4. Frank Hennessey, (Counts 1-6)

Defendants.

CR-08-0045-PHX-SRB

**SECOND SUPERSEDING INDICTMENT**

VIO: 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(A)(ii) (Conspiracy to Possess with the Intent to Distribute Cocaine, a Controlled Substance) Count 1

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) Possession with the Intent to Distribute Cocaine, a Controlled Substance) Counts 2-5

18 U.S.C. § 1956(h) & 1956(a)(1)(A) (Conspiracy to Commit Money Laundering) Count 6

21 U.S.C. §§ 853(a) & 853(p) and 18 U.S.C. §§ 982 and 982(b)(1) (Forfeiture Allegations)

THE GRAND JURY CHARGES:

**COUNT 1**

Beginning on or about November 1, 2005 to January 11, 2008, in the District of Arizona, and elsewhere, defendants, WILLIAM WALLACE KEEGAN, Robert Russell Bolin, IRAN

COTA and FRANK HENNESSEY did knowingly and intentionally combine, conspire, and agree together and with other persons known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT 2**

On or about July 23, 2007, in the District of Arizona, defendants WILLIAM WALLACE KEEGAN, IRAN COTA and FRANK HENNESSEY, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT 3**

On or about August 7, 2007, in the District of Arizona, defendants WILLIAM WALLACE KEEGAN, IRAN COTA and FRANK HENNESSEY, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT 4**

On or about September 24, 2007, in the District of Arizona, defendants WILLIAM WALLACE KEEGAN, IRAN COTA and FRANK HENNESSEY, did knowingly and

with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT 5**

Beginning on or about October 29, 2007 to October 30, 2007, in the District of Arizona, defendants WILLIAM WALLACE KEEGAN, IRAN COTA and FRANK HENNESSEY, did knowingly and intentionally possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, or salts of its isomers, a Schedule II Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

**COUNT 6**

Beginning on or about November 1, 2005 to January 11, 2008, in the District of Arizona, defendant, WILLIAM WALLACE KEEGAN, IRAN COTA and FRANK HENNESSEY, did knowingly, and unlawfully combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956(h) and Section 1956(a)(1)(A), as follows:

1. To knowingly represent the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity [i.e. 21 U.S.C. Sections 841(a)(Distribution of Cocaine), 846 and 841(a)(Conspiracy to Possess with Intent to Distribute and Cocaine].

All in violation of Title 18, United States Code, Section 1956(h) and 1956(a)(1)(A).

**FORFEITURE ALLEGATION**

1. Pursuant to 21 U.S.C. § 853(a), as a result of the violations in Counts 1-6, the defendants

shall forfeit to the United States:

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

(2) any of the persons' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

(1) Cannot be located upon the exercise of due diligence;

(2) Has been transferred or sold to, or deposited with, a third person;

(3) Has been placed beyond the jurisdiction of the Court;

(4) Has been substantially diminished in value; or

(5) Has been commingled with other property which cannot be subdivided without difficulty:

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated in Title 18, United States Code, 982 by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A TRUE BILL

S/
FOREPERSON OF THE GRAND JURY
Date: September 16, 2008

DIANE J. HUMETEWA
United States Attorney
District of Arizona

S/
LYNNE T. INGRAM
Assistant U.S. Attorney