UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD ALAN KING,

      Petitioner,

v.                                              Case No. 5:15-CV-280-Oc-10PRL

WARDEN, FCC COLEMAN – USP I,

      Respondent.

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to this Court's June 17, 2015, Order, Doc. 2, the Warden responds to King's 28 U.S.C. § 2241 petition for habeas corpus relief, Doc. 1.  As set forth below, this Court lacks jurisdiction to consider King's petition, in which he attempts to use section 2241 to challenge his federal narcotics sentences.

### STATEMENT OF THE CASE

On September 16, 2008, a federal grand jury in the District of Arizona returned a six count second superseding indictment charging King[1], along with two co-defendants, with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(ii) (Count One), four counts of possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(ii) (Counts Two through Five), and conspiracy to commit money laundering in violation of 18

---

[1]     King was charged as "William Wallace Keegan a.k.a. Richard King."

U.S.C. §§ 1956(h) and 1956(a)(1)(A) (Count Six). *See United States v. King*, Case No. CR 08-045 PHX SRB (D. Az.) at Cr. Doc. 154. (Criminal Docket 154).

On June 17, 2009, a jury found King guilty on all counts. Cr. Doc. 474. The jury also found that the offenses in Counts One through Five involved 5 kilograms or more of cocaine. *Id.*

On December 14, 2009, the District Court sentenced King to life imprisonment on Counts One through Five and 240 months' imprisonment on Count Six, all terms to run concurrently.[2] Cr. Doc. 659. On appeal, the Ninth Circuit affirmed King's convictions and sentence. Cr. Doc. 694, 847.  His appeal did not raise the issue alleged in his current § 2241 petition. *Id.* King did not file a § 2255 petition.

King, an inmate at FCC Coleman, now has filed a petition in this Court challenging his conviction and sentence.  For the reasons set forth below, he is not entitled to review.[3]

---

[2]     Counts One through Five were punishable by a mandatory minimum term of imprisonment of 10 years up to a statutory maximum term of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). Count Six was punishable by a statutory maximum penalty of 20 years' imprisonment. 18 U.S.C. § 1956(a)(1) and (h). Pursuant to the Court's Order, the Warden will file King's PSR under seal.

[3]     Even if this Court did not lack jurisdiction, King would not be entitled to review because he procedurally defaulted his arguments by failing to raise them in the district court at sentencing, on direct appeal, or in a section 2255 motion, *see McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Because this Court lacks jurisdiction, however, it should not reach these issues.

## MEMORANDUM OF LAW

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought pursuant to 28 U.S.C. § 2255. S*awyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, § 2255(e), the "savings clause," permits a federal prisoner to file a petition pursuant to § 2241 if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause imposes a subject matter jurisdictional limit on petitions filed pursuant to § 2241. *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013).

The Eleventh Circuit has held that "[a] prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n. 1 (11th Cir.2008).

There are two ways a prisoner can seek § 2241 relief. First, "challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Id.* at 1352. Second, the prisoner can "open the portal to a § 2241 proceeding" via the savings clause. *Wofford v. Scott*, 177 F.3d 1236, 1244 n. 3 (11th Cir.1999). In a § 2241 case, "[the] petitioner has the burden of establishing his right to federal habeas relief." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir.2006).

When a prisoner has previously filed a § 2255 motion to vacate, he must receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h). The statutory bar on successive § 2255 motions, standing alone, does not render that section inadequate or ineffective within the meaning of § 2255(e)'s savings clause. *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir.2011). Consequently, a petitioner who has filed a previous § 2255 motion that has been denied may not circumvent the restriction on successive § 2255 motions simply by filing a petition under § 2241. *Antonelli*, 542 F.3d at 1351.

The United States Court of Appeals for the Eleventh Circuit has set forth five requirements that a petitioner must satisfy in order to demonstrate that his prior § 2255 motion was inadequate or ineffective such that he can proceed with a § 2241 petition under the savings clause. *Bryant v. Warden*, 738 F.3d 1253, 1262 (11th Cir. 2013).   Specifically, the petitioner must establish that (1) throughout his sentencing, direct appeal, and first section 2255 proceeding, Eleventh Circuit precedent squarely foreclosed the claim raised in the § 2241 petition; (2) after his first section 2255 proceeding, the Supreme Court overturned that binding precedent; (3) the Supreme Court's decision applies retroactively on collateral review; (4) as a result of the Supreme Court's decision applying retroactively, the petitioner's current sentence exceeds the applicable statutory maximum penalty; and (5) the savings clause of § 2255(e) reaches his claim. *Id.* at 1374 (synthesizing the savings clause tests discussed in *Wofford v.* Scott, 177

F.3d 1236 (11th Cir. 1999) and *Williams v. Warden*, 713 F.3d 1332, 1343);

*accord Mackey v. Warden*, 739 F.3d 657, 661 (11th Cir. 2014).   *See Jeanty v.*

*Warden, FCI-Miami*, 757 F.3d 1283 (11th Cir. 2014) (applying the *Bryant* test to

§ 2241 petitioner's challenge to his sentence for two drug offenses).

King's sole claim is that the District Court lacked subject matter jurisdiction

over the six crimes for which he was convicted because "a mixture or substance"

is not defined in Title 21.[4] Besides being absolutely frivolous, this claim satisfies

none of the *Bryant* criteria.

King was not convicted of any crime which was made "nonexistent" by a

retroactively applicable Supreme Court decision overturning prior circuit

precedent. No Eleventh Circuit precedent squarely foreclosed the claim he now

raises. Nor, does his claim rest upon a circuit law-busting, retroactively applicable

Supreme Court decision. He makes no claim that his sentence exceeds the

---

[4]     Counts One through Five charge that King conspired to possess with intent to distribute or possessed with intent to distribute "5 kilograms or more of a mixture or substance containing a detectable amount of Cocaine," which tracks the language of the statute's penalty provision. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). In *Chapman v. United States*, 500 U.S. 453 (1991) the Supreme Court held that "[s]o long as [the mixture] contains a detectable amount [of controlled substance], the entire mixture or substance is to be weighed when calculating the sentence." *Id.* at 459. Noting that "[n]either the statute nor the Sentencing Guidelines define the terms 'mixture' and 'substance,' nor do they have an established common-law meaning," the Supreme Court gave the terms their ordinary meaning. *Id.*at 462. The Supreme Court based its reasoning on Congress's intent to punish "the total quantity of what is distributed, rather than the amount of pure drug involved[.]" *Id.* at 455. The Court observed that, in using the words "mixture or substance," Congress "intended the penalties for drug trafficking to be graduated according to the weight of the drugs in whatever form they were found – cut or uncut, pure or impure, ready for wholesale or ready for distribution at the retail level." *Id.* at 461.

statutory maximum term applicable to his crimes of conviction. Moreover, King had procedural opportunities to raise his claims and to have them decided either by the trial court, on appeal, or in a § 2255 motion. He cannot demonstrate that a § 2255 motion was inadequate or ineffective to test the legality of his detention, because he did not file one. Finally, King makes no valid claim that he is illegally detained.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Because King is not being detained illegally, he is not entitled to habeas-corpus relief.  Consequently, this Court lacks jurisdiction to consider his petition.

### CONCLUSION

WHEREFORE, the Warden respectfully requests that this Court dismiss King's petition with prejudice.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:   */s/ Jeffrey S. Downing*
JEFFREY S. DOWNING
Assistant United States Attorney
USAO No. 010
400 N. Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6198
jeff.downing@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2015, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system.  I further certify that on

the same day a copy of the document and notice of electronic filing was

furnished by United States mail to:

Richard Alan King
97546-131
FCC Coleman – USP I
P.O. Box 1033
Coleman, FL 33521-1033

        _/s/ Jeffrey S. Downing_
        JEFFREY S. DOWNING
        Assistant United States Attorney