FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA       2015 OCT 23 AM 11: 16

OCALA DIVISION


RICHARD ALAN KING,
    Petitioner,

v.                                         Case No: 5:15-CV-280-10 PRL


WARDEN, FCC COLEMAN USP-I,
    Respondent.
_____/

PETITIONER'S REPLY
TO RESPONDENT'S RESPONSE

    The Petitioner, Richard Alan King seeks Habeas Corpus relief pursuant to 28 U.S.C. § 2241. The Petitioner, an inmate at coleman United States Penitentiary, submits herewith his reply to the response filed by the Warden of FCC Coleman (hereinafter the "Government") on August 20, 2015. The Petitioner asserts the following rebuttal to the arguments set forth in the government's response:

    1) The Government has contended the Eleventh circuit's decision in <u>United States v Gilbert</u>, 640 F.3d 1293, 1309 (11th Cir 2011) (en banc) compels dismissal of the instant petition.

    2) Contrary to the Government's contention, <u>Gilbert</u> does not forbid the instant petition.

    3) The Petitioner has challenged the district court's power

and its authority to adjudicate the indictments in this case " <u>wherein, the indictment's fail to state a federal offense</u>".

4) <u>Gilbert</u>, in contrast did not involve the district courts authority to adjudicate the matter before it. Instead, the petitioner in <u>Gilbert</u> protested his classification as a career offender under the sentencing guidelines. See, for example, 640 F.3d @ 1299 ("<u>Gilbert</u>, was sentenced [in 1997] as a career offender under 4B1.1 based on two convictions...") and at 1300 ("Gilbert objected on a number of grounds at sentencing, the only relevant one for present purposes being his objection to career offender treatment under the guidelines..."[Gilbert contended] that his prior conviction for carrying a concealed weapon was not a crime of violence "].

5) After being sentenced as a career offender, the petitioner in <u>Gilbert</u> filed a direct appeal and then a pro-se motion to vacate sentence under 28 U.S.C. § 2255. He was unsuccessful in those effort. See <u>Gilbert</u>, 640 F.3d @ 1300-1301.

6) In 2008 a decision by the Supreme Court and the Eleventh circuit appeared to vindicate the <u>Gilbert</u> petitioners challenge to his career offender designation. First the Supreme Court held in **Begay v United States**, 553 US 137 (2008), that driving under the influence was not a violent felony for purposes of the armed career criminal act. Second, the Eleventh circuit applied <u>Begay</u> in **United States v Archer**, 531 F.3d 1347 (11th Cir 2008), and held that carrying a concealed weapon no longer be regarded as

2

a "crime of violence" for purposes of the career guideline. See **Gilbert**, 640 F.3d @ 1301-1302.

7) However, the Eleventh Circuit held in **Gilbert** that the bar against successive motion to vacate under § 2255 (h) precluded habeas corpus relief under § 2241. The complexities of the guidelines themselves played a key role in the decision to deny relief.

8) The Eleventh circuit emphasized that "[S]entencing guidelines provisions are many and complex, the English and those who use it are inperfect, and the case law about what various and sundry Guidelines means and whether they apply in different factual situations is in a constant state of flux". See **Gilbert** 640 F.3d @ 1309.

9) Tart comments about the guidelines were favorably qouted in **Gilbert**. The Eleventh Circuit referred to remarks by the first circuit in **United States v Williams**, 529 F.3d 1,2 (1st Cir 2008) (decribing case law surrounding the guidelines as a ("precedential labyrinth") and the Fourth Circuit in **United States v Mills**, 485 F.3d 219, 223 (4th Cir 2001) ("Characterizing the guidelines as a veritable naze of interlocking sections and statutory cross-references"). The author of **Gilbert**, Judge Carnes even cited his own concurrence in **United States v Williams**, 431 F.3d 767, 773 (11th Cir 2005), for the proposition that some guidelines "are mind-numbingly complex". See **Gilbert**, 640 F.3d @ 1309.

10) The Eleventh circuit expressed concern that if **Gilbert**, petitioner could use § 2241 to extricate himself from career offender status, other defendants would follow suit and rely on § 2241 to attack their own guideline enhancements.

3

"The rule <u>Gilbert</u>, asks us to create for his benefit would apply to every type and kind of enhancement of which there are scores in the sentencing guidelines." <u>Many of those enhancements turn on terms whose precise meaning is not manifestly clear even where the terms are defined in the guidelines</u>". See <u>Gilbert</u>, 640 F.3d @ 1309-1310. (Emphasis added).

11) Moreover, the conclusions segment of the opinion explicitedly limits the holding in Gilbert to to guideline challenges: "...what we do decide is that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255 (h), <u>that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum</u>..." See 640 F.3d @ 1323 (enphasis supplied).

12) It is true that the Eleventh circuit at times spoke in broad terms and used the word "sentencing" without a specific tie-in to guideline determinations. For example the Eleventh Circuit stated at the outset of its opinion that "the primary question in plainer English is whether a federal prisoner can use a habeas corrpus petition to challenge his sentence. Our answer is no, at least where the sentence the prisoner is attacking does not exceed the statutory maximum". See <u>Gilbert</u> 640 F.3d @ 1295. However, the bulk of the opinion and the actual holding of the Eleventh Circuit as expressed in the conclusion addresses only the sentencing guidelines.

13) Because Petitioner in the present is not contesting a guideline determination the holding of <u>Gilbert and the other cases</u>

<u>cited by the government in its response does not foreclose Petitioners subject matter jurisdiction claim.</u>

### THIS COURT HAS JURISDICTION TO ENTERTAIN PETITIONERS PETITION
### FOR HABEAS CORPUS

1) Petioner submits that there is one type of error that has historically been recognized by the courts as fundamental and for which collateral relief has been available is that of "jurisdictional" error. See e.g. <u>United States v Addonizio</u>, 442 US 178, 185, 60 led 2d 805, 99 S.Ct. 2233 (1979), ("holding that habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction"); See <u>Keel v United States</u>, 585 F.2d 110, 114, (5th Cir 1978).

2) Accordingly, since jurisdictional error implecates a courts power to adjudicate the matter before it, such error can never be waived by the parties to litigation. See; <u>Louisville & Nashville Railroad Co. v Mottley</u>, 211 US 149, 152, 53 Led 126, 29 S.Ct. 42, (1908); wherein the Supreme Court ordered the case dismissed for "lack of jurisdiction" despite the absence of an objection from either party to the trial courts previous adjudication on the merits. "<u>In other words the doctrine of procedural default does not apply to subject matter jurisdiction</u>". See for example <u>United States v Mecham,</u> 625 F.2d 503 (5th Cir 1980) Wherein the court held the district court was without jurisdiction to entertain a guilty plea for

5

a "non-offense". In <u>Meachem</u> the 5th Circuit reversed the convictions of five defendants who had been charged with "<u>A conspiracy to attempt</u> ..." to import marijuana and to possess marijuana with intent to distribute it id @ 507. <u>The court held that congress did not intend for the statutes on which the government relied to create "the conceptually bizarre crime of conspiracy to attempt"</u>. id @ 508-9.

3) The <u>Mecham</u> court went on to say:

> "The objection that the indictment fails to charge an offense is not waived by a guilty plea. The violation of <u>Meacham's</u> right to be free of prosecution for a non offense would bar his conviction even if his "factual guilt had been established validly". The entry of a guilty plea does not act as a waiver of jurisdictional defects such as "an indictment's failure to charge an offense". Meachem's guilty plea does not bar reversal of his conviction. id @ 510 (citation omitted).

4) Since <u>Meacham</u> was decided, several decisions of this court has reaffirmed its vitality. In <u>United States v Tomeny</u>, 144 F.3d 749 (11th Cir 1998), this court cited <u>Meacham</u> for the proposition that "...a claim that the indictment failed to charge an offense is a jurisdictional claim that is not waived by the entry of a guilty plea..." id @ 751. <u>Tomeny</u> further clarified that a claim is "jurisdictional" if it can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings". id quoting <u>White v Chaperell</u>, 938 F.2d 975-77-78 (9th Cir 1991).

6

5) The government has contended on page five in its response that petitioner has failed to meet the Bryant test set out in Bryant v Warden, 738 F.3d 1253, 1262 (11th Cir 2013).

6) Contrary to the governments contention Bryant supra has no effect on the instant petition in that:

> "the legislative authority of the union must first make an act a crime affix a punishment to it, and declare the court that shall have jurisdiction of the offense".
> See United States v Hudson, 11 US 7 Cranch 32, 33-34 3 L.ed 259 (1812).

7) Accordingly before the Bryant supra test can be applicable to Petitioners case their must first be a crime and that crime must be charged in the indictment.

8) The government has admitted on page five (foot note four) that counts one through five of the indictment charge that petitioner conspired to posses with intent to distribute or possessed with intent to distribute 5 kilograms or more "...of a non-identifiable mixture or substance containing a detectable amount of cocaine..." and further claims "The indictments tracks the the language of the penalty provision of the statute. 21 USC § 841 (b)(1)(A)(ii)(II). See page 5 of the governments response.

9) Title 21 USC § 841 (b)(1)(A)(ii)(II) clearly states:

> Except as otherwise provided in section 409, §419, or § 420 [21 USC § 849, §859, §860, or § 816] Any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) "In the case of a violation of subsection (a) of this section" involving (ii) 5 kilograms or more of a mixture or substance containing a detectable amount amount of (II) cocaine,

7

Such person shall be sentenced to........

10) In <u>United States v Ignacio Sanchez</u>, 269 F.3d 1252 the 11th Circuit court of appeals (en banc)(2001) while interpreting the federal drug statutes held that the "<u>plain language of 21 USC 841 (a) makes it unlawful for a person...</u>" <u>Knowingly or intentionally to posssess with intent to distribute a controlled substance</u>". "and that the penalty provision of the statute ". "...become applicable only after a defendant has been duly convicted of a substantive violation of § 841 (a), See Sanchez id ¶ 1265. The court made it clear that "... § 841 (a) <u>sets forth a single complete offense and 841 (b) is sentencing factors relevant only only to determining a defendants sentence for having violated § 841 (a) Id¶ 1267...</u>".

11) Petitioner submits that this court need to look no further than the face of the first five counts of the indictment to determine that the indictments fail to state a federal offense. And because count six (6) of the indictment relys upon counts one (1) through five (5) count six (6) must be dismissed as well.

12) "The writ was given explicit recognition in the suspension clause of the constitution, Article 1 § 9, Clause 2; was incorporated in the First Congressional grant of jurisdiction of the federal courts, Act of September 24, 1789. C. 20 § 14, 1 Stat.81-82; and was early recognized by this court [Supreme Court] as a great constitutional privilege". See <u>Preiser v Rodriguez</u>,411 US 475, 485 (1973).

8

13) The Petitioner having spent more than 7 years in illegal confinement deserves an opportunity to obtain relief by way of the constitutional privilege of habeas corpus.

Wherefore, Petitioner, Richard Alan King respectfully requests that the United States Didtrict Court for the Middle District of Florida enter an order granting the writ or set these matters down for an evidentiary hearing or for any other relief to which Petitioner may be entitled.

Respectfully submitted:

Pursuant to 28 USC 1746 "I declare under the penalty of perjury that the foregoing is true and correct. Executed on October 20, 2015.
"
_____
Richard Alan King pro se

## CERTIFICATE OF SERVICE

I hereby certify that on October 20 2015 I personally deposited a copy of "Petitioners reply to Respondent's response Doc Ent 4 in the united states mail first class postage prepaid addressed to AUSA Jeffery S. Downing at 400 N. Tampa Street, Suite 3200 Tampa Florida 33602. Petitioner also attached a copy of a prison Memorandum explaining that USP 1 Coleman was on lock-down from September 18 to October 8, 2015 and that Petitioner was unable to access his legal materials during that time which should excuse any failure to meet the courts deadline to reply; within 45 days after the governments August 19, 2015 response.

Pursuant to 28 USC 1746 "I declare under the penalty of perjury that the foregoing is true and correct. Executed on October 20 2015.
"
_____
Richard Alan King pro se

9